George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM, LLC**
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
ghaines@freedomlegalteam.com
gavalos@freedomlegalteam.com
Phone: (702) 880-5554
FAX: (702) 385-5518
*Attorneys for Plaintiff Zadys Rodriguez*

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Zadys Rodriguez,<br><br>Plaintiff,<br>v.<br><br>Equifax Information Services LLC; National Consumer Telecom & Utilities Exchange, Inc.; Clarity Services, Inc. and La Curacao LLC,<br><br>Defendants. | Case No.: 2:26-cv-00056<br><br>**Complaint for Damages Pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq.**<br><br>**Jury Trial Demanded** |

## Introduction

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure

consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Zadys Rodriguez ("Plaintiff"), by counsel, brings this action to challenge the actions of Equifax Information Services LLC ("Equifax"); National Consumer Telecom & Utilities Exchange, Inc. ("NCTUE"); Clarity Services, Inc. ("Clarity") and La Curacao, LLC ("La Curacao") (jointly as "Defendants"), with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

violations.

8. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

**Jurisdiction and Venue**

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.
10. This action arises out of Defendants' violations of the FCRA.
11. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada as they conduct business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

**Parties**

12. Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).
13. Defendants are each a corporation doing business in the State of Nevada.
14. La Curacao is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.
15. Equifax, NCTUE and Clarity regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. These entities are "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(f).
16. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

///



FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

## General Allegations

## Re: Bankruptcy Case No. 24-16549

17. On or about December 16, 2024, Plaintiff filed for bankruptcy in the United States bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 et seq. (the "bankruptcy").
18. The obligations to each creditor-furnisher herein (as applicable) were scheduled in the bankruptcy and each respective creditor, or its predecessor in interest, received notice of the bankruptcy.
19. None of the creditor-furnishers named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 et seq.
20. No creditor-furnisher named herein obtained relief from the "automatic stay" codified at 11 U.S.C. §362 et seq. while Plaintiff's bankruptcy was pending to pursue Plaintiff for any personal liability.
21. Further, while the automatic stay was in effect during the bankruptcy, it was illegal and inaccurate for any creditor-furnisher named herein to report any post-bankruptcy derogatory collection information, pursuant to the Orders entered by the bankruptcy Court.
22. The accounts named herein (as applicable) were discharged through the bankruptcy on March 18, 2025.
23. However, Defendants either reported or caused to be reported inaccurate information as discussed below after Plaintiff's debts were discharged.
24. Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.
25. The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA.
26. Courts rely on such guidance to determine furnisher liability. *See, e.g., In re*

*Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that “industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due”).

27. On information and belief, Defendants adopted and at all times relevant implemented the Metro 2 format.

28. On information and belief, each furnisher named herein adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of their respective duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

29. Each furnisher named herein failed to conform to the Metro 2 Format when reporting on Plaintiff’s accounts after Plaintiff filed bankruptcy as further set forth below.

30. In turn, each of the credit reporting agencies named herein, reported and re-reported the inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

31. To this end, the adverse reporting on Plaintiff’s consumer report departed from the credit industry’s own reporting standards and was not only inaccurate, but also materially misleading under the CDIA’s standards as well.

32. A “materially misleading” statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

///

///

///

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

**Equifax and La Curacao Misreported Consumer Information and Failed to Investigate Plaintiff's Dispute**

**Re: La Curacao Account No. ***6299**

33. In Plaintiff's consumer report from Equifax dated July 23, 2025, Equifax and La Curacao inaccurately reported this account in collections from December 2024 through February 2025. This is inaccurate, misleading, and derogatory because Plaintiff was in active bankruptcy.

34. In addition, Equifax and La Curacao inaccurately reported Plaintiff's account status as charged off with a balance of $4,390. This is inaccurate, misleading, and derogatory because the account was included in bankruptcy.

35. On August 4, 2025, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Equifax, in writing, of the inaccurate, misleading, and derogatory information.

36. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax, requesting the above inaccurate information be updated, modified, or corrected.

37. Equifax was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

38. Upon information and belief, Equifax timely notified La Curacao regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

39. Upon information and belief, Equifax provided La Curacao with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

40. Upon information and belief, Equifax provided all relevant information to La Curacao regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

41. However, Plaintiff never received any notification from Equifax that Equifax and La Curacao investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

42. A reasonable investigation by Equifax and La Curacao would have determined that they were reporting the above disputed information inaccurately.

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

43. Equifax and La Curacao failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

44. Upon information and belief, La Curacao continued to report the inaccurate information.

45. In turn, Equifax re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

46. Equifax and La Curacao, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

47. Due to Equifax's and La Curacao's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

48. Equifax's and La Curacao's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

49. Also as a result of Equifax's and La Curacao's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

50. By inaccurately reporting consumer information after notice and confirmation of their errors, Equifax and La Curacao failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

///

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

**NCTUE Failed to Provide Consumer Information**

51. On or around July 24, 2025, Plaintiff requested a consumer report from NCTUE pursuant to 15 U.S.C. § 1681g.

52. Specifically, Plaintiff sent a letter, certified, return receipt, to NCTUE, requesting a copy of Plaintiff's consumer report. Plaintiff's letter included Plaintiff's social security number, date of birth, a copy of Plaintiff's Nevada Driver License, and Plaintiff's current mailing address. The request included all of the information that NCTUE needed to identify Plaintiff and comply with the FCRA.

53. However, NCTUE never provided Plaintiff's consumer report to Plaintiff, as required under 15 U.S.C. § 1681g.

54. Plaintiff's continued efforts to obtain Plaintiff's consumer report, pursuant to 15 U.S.C. § 1681g, were fruitless.

55. NCTUE's refusal to provide Plaintiff's consumer report and disclosures was knowing and willful because NCTUE received Plaintiff's continued requests and all the information necessary to comply with 15 U.S.C. § 1681g, but NCTUE refused to provide Plaintiff's consumer report. Plaintiff is, accordingly, eligible for statutory damages.

56. Also, as a result of NCTUE's refusal to provide Plaintiff's consumer report, Plaintiff has suffered actual damages, including without limitation, fear of credit denials because of Plaintiff's inability to review consumer information, out-of-pocket expenses for the time and mailing of multiple requests, and emotional distress. Moreover, because NCTUE refused to provide Plaintiff's 1681g disclosures, Plaintiff was unable to adequately opt out of certain disclosures to other parties and ensure fair and accurate reporting of Plaintiff's credit information. Plaintiff suffered emotional distress and mental anguish as a result of NCTUE's actions described herein. Plaintiff further suffered anger, anxiety, feelings of helplessness, humiliation, and embarrassment after repeatedly being denied the right to review Plaintiff's 1681g disclosures.

57. By refusing to provide Plaintiff's consumer report and disclosures, NCTUE failed to take the appropriate measures as required under 15 U.S.C. § 1681g.

**Clarity Failed to Provide Consumer Information**

58. On or around July 24, 2025, Plaintiff requested a consumer report from Clarity pursuant to 15 U.S.C. § 1681g.

59. Specifically, Plaintiff sent a letter, certified, return receipt, to Clarity, requesting a copy of Plaintiff's consumer report. Plaintiff's letter included Plaintiff's social security number, date of birth, a copy of Plaintiff's Nevada Driver License, and Plaintiff's current mailing address. The request included all of the information that Clarity needed to identify Plaintiff and comply with the FCRA.

60. However, Clarity never provided Plaintiff's consumer report to Plaintiff, as required under 15 U.S.C. § 1681g.

61. Plaintiff's continued efforts to obtain Plaintiff's consumer report, pursuant to 15 U.S.C. § 1681g, were fruitless.

62. Clarity's refusal to provide Plaintiff's consumer report and disclosures was knowing and willful because Clarity received Plaintiff's continued requests and all the information necessary to comply with 15 U.S.C. § 1681g, but Clarity refused to provide Plaintiff's consumer report. Plaintiff is, accordingly, eligible for statutory damages.

63. Also, as a result of Clarity's refusal to provide Plaintiff's consumer report, Plaintiff has suffered actual damages, including without limitation, fear of credit denials because of Plaintiff's inability to review consumer information, out-of-pocket expenses for the time and mailing of multiple requests, and emotional distress. Moreover, because Clarity refused to provide Plaintiff's 1681g disclosures, Plaintiff was unable to adequately opt out of certain disclosures to other parties and ensure fair and accurate reporting of Plaintiff's credit information. Plaintiff suffered emotional distress and mental anguish as a result of Clarity's actions described herein. Plaintiff further suffered anger, anxiety,

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

feelings of helplessness, humiliation, and embarrassment after repeatedly being denied the right to review Plaintiff's 1681g disclosures.

64. By refusing to provide Plaintiff's consumer report and disclosures, Clarity failed to take the appropriate measures as required under 15 U.S.C. § 1681g.

**Plaintiff's damages**

65. In addition to Plaintiff's creditworthiness being negatively impacted, Plaintiff suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendants' actions. Plaintiff further suffered humiliation and embarrassment.

**Violation of the Fair Credit Reporting Act**

**15 U.S.C. § 1681**

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et seq.

68. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

69. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

///

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

**Prayer for relief**

70. Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and
- Any other relief that this Court deems just and proper.

**Jury Demand**

71. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 12, 2026.

Respectfully submitted,

**FREEDOM LAW FIRM**

*/s/ Gerardo Avalos*
George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 100
Las Vegas, Nevada 89123
*Counsel for Plaintiff Zadys Rodriguez*